United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. D'ONOFRIO and JENNIFER D'ONOFRIO,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK, et al.,<br><br>　　　　Defendants. | No. CV 09-03701 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE** |

　　　Plaintiffs David and Jennifer D'Onofrio, homeowners who have defaulted on their mortgage, brought suit against Defendant U.S. Bank, Downey Savings and Loan, DSL Service Company, and FCI Lender Services. Now pending before the Court is Defendants' motion to dismiss. For the reasons set forth below, the Court GRANTS Defendants' motion and REMANDS the case to state court.

## Background

　　　On August 16, 2005, Plaintiffs closed a mortgage transaction with Defendants. Cmplt. ¶ 10. Plaintiffs subsequently defaulted on their loan. Id. at ¶ 17(b). Plaintiffs, through counsel, requested a loan modification, but no modification took place. Id. at ¶ 7, citing Cmplt. Ex. B. Defendants commenced foreclosure proceedings on the property, sending a notice of trustee sale for August 13, 2009. Id. at 7(v) and Complt. at Ex. A.

　　　On August 7, 2009, Plaintiffs brought suit in state court against Defendants and simultaneously filed an application for a preliminary injunction and temporary restraining

order. Cmplt. at 1.  The state court granted Plaintiffs' request and postponed the foreclosure sale pending the outcome of a preliminary injunction hearing on August 31, 2009.  Mot. at 2. Defendants removed the case to this Court on August 12, 2009, and have now moved to dismiss under Fed. R. Civ. P. 12(b)(6).

Discussion

Plaintiffs assert four causes of action: two violations of California's Unfair Competition Law ("UCL"), a "notice of rescission" under the Truth in Lending Act ("TILA"), and a cause of action titled "restraining order, preliminary and permanent injunction."  Cmplt. at ¶ 17(a) and (b); ¶ 26(a); ¶ 29, ¶¶ 33-34.  Of these, the only federal cause of action is the "notice of rescission" under TILA.

Plaintiffs' rescission claim is based on the allegation that Defendants failed to accurately provide required material disclosures.  Specifically, Plaintiffs allege that the finance charges were understated.  Cmplt. at ¶ 17(a), ¶ 26(a).  As evidence of the understated finance charges, Plaintiffs point to an audit or "Numbers Check" that their lawyer appears to have sent to Defendants as part of the letter requesting a loan modification.  See id. Ex. B. That audit found that the finance charges were understated by $360.40.  Id.  Plaintiffs' Opposition adds that Defendants also failed to provide Plaintiffs with a notice of right of rescission.  Opp. at 3.  This is the first time that Plaintiffs make this claim; it is not in the Complaint.

Even if the Complaint could be amended to include this new allegation, Plaintiffs' rescission claim would fail.  TILA provides a consumer with three days to rescind following the consummation of the transaction.  15 U.S.C § 1635(a).  The Ninth Circuit has concluded that "'[t]o insure that the consumer is protected . . . [TILA must] be absolutely complied with and strictly enforced.'"  Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986) (citing Mars v. Spartanburg Chrysler Plymouth, Inc., 713 F.2d 65, 67 (4th Cir. 1983)).  Thus, even "technical or minor violations" violate TILA, giving the consumer three years– and not the usual three days– in which to rescind his loan.  Id. at 701-02; 15 U.S.C. § 1635(f).

The three-year statute of limitation for TILA rescission claims is absolute; it cannot be tolled. See 15 U.S.C. § 1635(f) ("right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor"); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998) ("Section 1635(f) . . . . talks not of a suit's commencement but of a right's duration"); Walker v. Equity 1 Lenders Group, 2009 WL 1364430 at *6 (S.D. Cal. 2009), citing Taylor v. Money Store, 42 Fed. Appx. 932 (1998) ("Equitable tolling does not apply to rescission under this provision of TILA").  At the motion hearing in this case, Plaintiffs' counsel conceded that he did not know of any authority to the contrary.

The loan transaction at issue in this case closed in August 2005, and so the statute of limitations on Plaintiffs' TILA rescission claim ran in August 2008.  Accordingly, whether the finance charges were understated or Defendants failed to provide the notice of right of rescission, Plaintiffs' TILA rescission claim is time-barred and must be dismissed with prejudice.

### Conclusion

For the foregoing reasons, the Court DISMISSES Plaintiffs' only federal claim, and REMANDS the remainder of the case to state court.

**IT IS SO ORDERED.**

Dated: October 13, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE